(*Medina County Common Pleas.*)

## WARD, TREASURER,, v. THE WHEELING LAKE ERIE RY. CO.

---

Section 2827, Revised Statutes provides for the amount of money that may be raised for general purposes, based upon the taxable valuation of the property of the township, and not for a rate of taxation.

The rate of taxation should be determined by ascertaining what percentum of the whole taxable property in the township will raise the amount of money determined on by the trustees, not exceeding the limit by said section.

It was the legislative intent to allow the trustees of a township, having a large taxable valuation of property, to raise more money than the trustees of a township having a much less taxable valuation, and the amount of taxes which could be raised in each township might increase as the taxable valuation of the property in the township increases.

The levies of taxes provided by sections 1465, 1482, 4737, 4745 and 4940, are in addition to the amount prcvided by said last named section.

When a railroad passes through several townships of the same connty, the amount of taxes due from said railroad company for each township is a separate sum, and may be paid to the county treasurer without paying the railroad company's taxes in other townships of the same county, and the county treasurer is authorized and required to receive the taxes due for one or more townships even though the taxes due for some other township in the county are not paid or tendered.

In every township where the levy is not excessive nor illegal the railroad company is liable to a penalty if the taxes are not paid when required by law.

In a township where the taxes are excessive in some particulars and for that reason the railroad company refuses to pay or tender any part of its taxes, whether penalty should be added—quaere?

---

NYE, J.

In the case of Irvin Ward, treasurer of Medina county, against the Wheeling & Lake Erie Railway company, the plaintiff brings his action against said defendant company to recover $2,060.67 as taxes assessed against said company for the year

1894 on the property of said defendant, situated in said county. Said taxes not having been paid when due, a penalty of ten per centum on said entire sum was added, and a judgment is asked against said defendant for the sum of $2,266.74, with interest thereon from the 21st day of June, 1895.

The defendant, for answer to the plaintiff's petition, says that it is indebted to said plaintiff in the sum of $1,855.67, and no more.

The defendant says that its railroad passes through six townships and assessment districts in said county, and that in four of said townships, to-wit: Chatham, Harrisville, Spencer and Westfield townships, an assessment was made greater than is provided by law, and that by said illegal assessments the total amount levied against said defendant company amounts to the sum of $2,060.67, when the levy should amount to only $1,855.67, the amount which the said company admits is due from it to said plaintiff as treasurer of said county.

The defendant further claims that said assessment of $2,060.67 is levied as a gross sum against said defendant, and that it could not pay any portion thereof without paying the whole, and therefore no tender was made to said treasurer; because said treasurer would not be authorized to receive any portion of said sum unless he received the whole, and that, therefore, the law would not require it to do a vain act of tendering a portion of said money when the treasurer was not authorized to receive a portion without the whole.

There is no claim that the assessment is too large in the other two townships or assessment districts.

The defendant further claims that the assessments made under section 2827, Revised Statutes, in each of said four townships is excessive. and the defendant further says that certain assessments claimed to have been made under certain other sections of the statute, which I will speak of hereafter, are larger than the law permits.

The plaintiff, on the other hand, claims that the assessment is not in excess of what the law requires in any of said townships or assessment districts, and that, therefore, the whole amount, with penalty, should be paid. The plaintiff further claims that the amount due in each township and assessment district is a separate amount, appearing upon the duplicates of each township separatetly, and that the defendant might at any time have paid the amount due in any township or assessment district if it saw fit to do so, even if the assessment was too large or illegal in the other townships and assessment districts. It is conceded that there is a county infirmary in Medina county.

The principal questions in this case must depend upon the construction which should be placed on the several sections cf the statute under which the levies in the several townships were made. For that reason a

jury has been waived and this case submitted to the court without the intervention of a jury.

The first q' estion which I will consider is with reference to the construction to be placed upon section 2827 of the Revised Statutes.

So far as it pertains to this case section 2827 reads as follows:

"The trustees of each township shall, on or before the 15th day of May annually determine the amount of taxes necessary for all township purposes, and certify the same to the county auditor; and there shall be levied annually, by the county auditor, for township purposes, including the relief of the poor, but not including the support of common schools. or the payment of the interest and principal of the debts of the township, such rates of taxes as the trustees of the respective townships may certify to the county auditors to be necessary, not exceeding one mill on each dollar of the taxable valuation of the property of the township, which does not exceed two hundred thousand dollars, and eight-tenths of one mill on each dollar of such taxable valuation exceeding two hundred thousand dollars and not exceeding three hundred thousand dollars, and one half of one mill on each dollar of such taxable valuation exceeding three hundred thousand dollars and not exceeding five hundred thousand dollars; and four-tenths of a mill on each dollar of such taxable valuation exceeding five hundred thousand dollars and not exceeding eight hundred thousand dollars; and one-fourth of one mill on each dollar of such taxable valuation exceeding eight hundred thousand dollars."

The plaintiff in this case claims that in each township an assessment may be made under section 2827 on the taxable valuation as follows:

On the first $200,000.00, not to exceed one mill on each dollar; on the next $100,000.00, not to exceed eight-tenths mill on each dollar; On the next $200,000.00, not to exceed one-half mill on each dollar; on the next $300,000.00, not to exceed four-tenths mill on each dollar; on all the remainder, not to exceed one-fourth mill on each dollar.

The defendant claims that an entirely different construction should be placed upon said section. It claims that an assessment should be made on the taxable valuation of the property in each township as follows:

If the valuation does not exceed $200,000.-00, one mill on each dollar; if it exceeds $200,000.00, but is less than $300,000.00, eight-tenths mill on each dollar; if it exceeds $300,000.00. but is less than $500,000.00, one-half mill on each dollar; if it exceeds $500,000.00, but is less than $800,000-00, four-tenths mill on each dollar; if it exceeds $800,000.00, one-fourth mill on each dollar.

It is important then to determine what the intention of the leigslature was in passing this section of the statute in the manner in which we find it.

The construction to be placed on this section of the statute is important to every officer in Medina county, who is called upon to act under it, as well as every other officer in the state whose duty it is to make an assessment or levy thereunder. It would seem that one of these constructions is adopted and used in certain portions of the state, and the other in other portions of the state, for I have been furnished with blanks from different publishing houses for the use of township officers, one of which adopts one theory and the other the other.

I am clearly of the opinion that it was the intention of the legislature that less money would be required for township purposes to carry on the business of a small township than would be required to carry on the business of a larger township with a much larger amount of taxable property.

It is very evident that a township which has property of the taxable valuation of two hundred thousand dollars would not require so much money to carry on its business as it would to carry on the business of a township which had a taxable valuation of five hundred thousand dollars.

It is evident to my mind that the intention of the legislature was to provide such a system of taxation for every township in the county as would permit the trustees of the several townships to raise money to defray the genreal expenses of the township, somewhat in proportion to the taxable valuation of the property in said several townships—that is, as the taxable valuation of the property of the townships increased the amount of money to be raised in each township might be increased, athough the amount which could be raised should not increase in the proportion as the taxable valuation of the property increases.

If this was the intention of the legislature, it is very easy to determine whether the theory contended for in this case by the plaintiff or the defendant is the correct theory.

If the theory contended for by the plaintiff is the correct theory, there would be a gradual increase in the amount of taxes that could be raised in each township as the amount of the taxable valuation of the property increases.

If the theory contended for by the defendant is the correct theory, then in townships having a large valuation you could raise no more money than you could in some other townships having a much less taxable valuation of property.

Hence, I conclude that the theory contended for in this case by the plaintiff is the true theory for the taxation of property throughout the county. I believe it to be the system intended by the legislature.

A few illustrations and figures upon the two theories show conclusively to my mind that the legislature intended to establish the system contended for in this case by the plaintiff.

I will first illustrate how much could be raised by each of the two theories in townships having a taxable valuation from two hundred thousand dollars up to one million dollars, by using the even hundred thousands, and show it by means of a table as follows:

| | 1st. Theory. | 2nd. Theory. |
|---|---|---|
| $200,000, would raise by.. | $200 | $200 |
| 300,000, would raise by.. | 280 | 240 |
| 400,000, would raise by.. | 330 | 200 |
| 500,00$, would raise by.. | 380 | 200 |
| 600,000, would raise by.. | 420 | 240 |
| 700,000, would raise by.. | 460 | 280 |
| 800,000, would raise by.. | 500 | 320 |
| 900,000, would raise by.. | 525 | 225 |
| 1,000,000 would raise by.. | 550 | 250 |

Under both of these theories a township with $200,000 of taxable valuation could raise just $200.00.

Again, in a township which had $501,000, by the first theory you could raise $380.00 in taxes, while by the second theory you could only raise $200.40.

So it will be observed that by the first theory there is a gradual increase in the amount of tax which can be raised as the valuation increases, while by the second theory it will be observed that substantially the same amount of money will be raised in a township with $200,000, $400,000 and $501,000.

Again, in a township having a taxable valuation of property amounting to $900,000, by the first theory the sum of $525 could be raised; by the second theory only $225 could be raised.

Hence, it will be observed that in a township with $900,000 of taxable property by the second theory you could only raise $25.00 more than you could in a township having $200,000.

These illustrations would seem to be enough to convince any candid man that the legislature intended to have the first theory applied to this section. But if anything further should be required, I will make two more illustrations.

One clause of this statute provides that four-tenths of a mill may be assessed on each dollar of such taxable valuation exceeding $500,000, and not exceeding $800,000. If you take the second theory of this case a township, which has a taxable valuation of $800,000, could raise $320.00.

If the same township had eight hundred and one thousand dollars, it could raise only $200.25. Again, in a township which had $300,000, you could raise $240 taxes, but if the taxable valuation of the property was $301,000 you could raise only $150.50.

A careful application of the second theory as contended for by the defendant shows conclusively to my mind the absurdity of the theory.

Other illustrations might be made, but I think I have made enough to show that the conclusion that I have arrived at is the correct one.

The attorneys who argued this case for the defendant, contend that if the conclu-

sion which I have arrived at is the one which should be adopted, that a person who has property to be assessed would not know whether it was to be assessed in the first two hundred thousand dollars, and thus taxed at one mill on a dollar, or whether it was to be assessed as a part of some other amount and taxed at four-tenths of a mill or at some other rate.

In answerr to this I would simply say, that in my opinion the legislature intended by section 2827 to fix an amount of money that might be raised in each township, based upon the taxable valuation of the property in said township, and that from that amount the trustees and auditor should figure a rate that would raise the amount of money necessary, not exceeding the limit, and then assess that rate upon all the taxable property within the township.

In other words, this section is intended to fix and limit the amount of money that can be raised in each township in proportion to the taxable valuation of the property in said township,, and not to fix a rate of taxation.

And when the township trustees or the county auditor have the amount of the taxable valuation of the property in a township, they can then determine the amount of money that can be raised in said township, under section 2827.

Having, therefore, determined what I believe to be the proper construction to be placed on section 2827, which will give the rule to be acted upon by the trustees and auditor in making assessments under that section for general township purposes, before applying this rule to the levies complained of as exccessive in the townships in this particular case, I will turn to the other sections under which levies have been made.

These are sections 1465, 1482, 4737, 4745 and 4940. It is claimed by attorneys in this case that the whole levy under these several sections last named should be made a part of the amount prescribed by said section 2827, and that the whole levy in a township should not exceed the rate provided for in said section 2827.

I will briefly refer to these sections in the order of their numbers:

Section 1465 provides for defrayirg the expenses of the purchase and appropriation of cemeteries and fixes a limit upon the amount that may be raised each year for that purpose at the sum of $2,000.00.

The statute then provides as follows: ''Also each year thereafter such sum as may be necessary for the needful care, supervision, repair and improvement of such cemeteries.''

I am of the opinion that this section provides that the trustees may raise a special fund to be used for the care and improvement of cemeteries as in said section provided, and that such sum shall constitute a separate fund to be known as the cemetery fund, and that this levy is in addition to the amount prescribed in section 2827.

Section 1482 (87 v. 324), provides that the trustees of a township are authorized and empowered to purchase stone or gravel for the improvement of the public roads within their township, and for the purpose of paying for the same they are authorized to levy and assess upon the taxable property of the township such a rate of taxation as will raise any sum not exceeding $100 in any one year.

I am of the opinion that the levy to be made under this section is also in ⸂addition to the levy to be made under section 2827, and that the only limit under this section is ''such a rate of taxation as will raise any sum not exceeding $100 in any one year.'' If that limit is exceeded to the extent that it is exceeded. the tax is unauthorized.

Section 4737 provides that ''If township trustees deem an additional road tax necessary. they shall determine the per centum to be levied upon the taxable property in their respective townships. not exceeding three mills on the dollar, for the purpose of cutting down hills, filling low places and making repairs that may be necessary by reason of any casualty t at may occur in the public highways of their respective townships, which shall not in any year exceed the sum of $200.00; unless the question of a greater levy be submitted to a vote of the qualified voters of the township,'' etc.

Under this section it will be observed that the levy to be made is ''an additional'' tax, and there are two limits, one that the rate shall not exceed three mills on the dollar, and the amount to be raised shall not exceed $200.00 in any one year, so that in no case under this section can there be a levy made of more than three mills on the dollar, and if three mills on the dollar will raise more than $200.00 in any one year, the rate must be cut down so that the whole sum to be raised under this section will not exceed $200.00. And any levy which exceeds either the rate named or the amount named would be excessive and unauthorized.

Section 4745 provides for the payment of certificates for timber, stone and gravel used for the benefit of the township, and that part of the section providing for the assessment is as follows: ''And the township trustees are authorized to levy annually upon the taxable property of their respective townships in addition to other taxes authorized by law. a tax sufficient to pay such certificate, not exceeding $25.00 to each road district in the township, which shall be certified, assessed and collected as other township taxes.''

It will be observed that this section expressly provides that the levy made under it is in addition to other taxes authorized by law, and the on'y limit placed upon it is that there shall only be an amount raised sufficient to pay $25.00 to each road district in the township.

There being no proof in the case as to the number of the road districts in any of the townships named in this case, it will be impossible for me to say whether the levy under this item is excessive or not.

It is sufficient to say that it is in addition to other taxes, and can have no bearing upon my decision as to the tax levied under any other section.

Section 4940, so far as it pertains to this case, provides that "the trustees of the several townships shall cause to be built and kept in repair all bridges and culverts, except upon improved and free turnpiked roads, when the cost of construction does not exceed $50.00, and keep in repair all bridges constructed by the commissioners, provided however, such repair by said trustees of any such bridge in any year shall not exceed $10.00, and they are authorized to levy a tax for the payment of the same."

This section provides that the trustees "are authorized to levy a tax for the payment" of the expenses named in this item. I think the language used here fairly implies that the expense of the repairs of the bridges, etc., named in this section. is to be by a tax separate from that named in section 2827, and in addition thereto.

I believe I have thus far considered all the sections which have been submitted to me, involving the construction of the several sections of the statute under which the levies in this case were made.

I will now apply these rules to the case at bar, and state wherein I think the levies are excessive.

As I have already said, under section 1482. the limit of the rate of taxation must be such a rate as will raise any sum not exceeding $100.00 in any one year.

It will be observed that in Westfield township a rate of three-tenths of a mill has been levied. The taxable valuation of the property in Westfield township for the year 1894 was $1,354,329. This rate of three-tenths of a mill on the entire taxable property in said township would raise $406.30, which is $306.30 in excess of the limit allowed, and to that extent the levy is illegal.

In Chaham township the levy for general purposes is one and two-tenths mills on the dollar, of all the taxable property in said township. The taxable valuation of the property in said township is $478,908. This rate is sought to be levied under section 2827. The amount of taxes which said township would be entitled to raise by virtue of said section under the ruling I have made would be $369.45.

This would give an average rate of seventy-seven hundredths mills (.77) and, as you will observe, is excessive to the extent of forty-three mills.

In Harrisville township the levy for general purposes is one and three-tenths(1 3-10) mill on the dollar of all the taxable property in said township. The taxable valuation of the property in said township is $584,-779. This rate is sought to be levied under section 2827. The amount of taxes which said township would be entitled to raise by virtue of said section under the ruling I have made would be $413.91. This

would give an average rate of seven-tenths mills.

I have not figured out in detail the amount that should be levied in the townships where I find there is an excessive levy, but leave it for counsel to figure out under the rulings which I have already given.

There is one other question to determine in this case, and that is with reference to the penalties added to the defendant company's taxes.

The proof in this case shows that the amount due from the defendant company in each township and assessment district is upon a separate duplicate, or entered in a separate amount—that is, that the amount due each township is separate and distinct from the amount due any other township.

Under the laws of Ohio, the property of a railroad company in each county is apportioned to the several townships, and the amount of property of the railroad company in each township and assessment district is assessed separately, and may be assessed at a different rate from the property of the same company and in any other township or assessment district.

The amount due from a railroad company in each township is a separate sum, and may be paid without paying the tax in any other township or assessment district where it was claimed the assessment was illegal and unauthorized.

The defendant company, however, by refusing to pay the tax in a township or assessment district where it was claimed the assessment as illegal, must take its chances of a decision against it, and if decided against it, would be liable to the penalties.

I am, therefore, of the opinion that in the several townships and assessment districts where the taxes were not excessive, the defendant company would be liable to the penalties in not paying the tax when due.

But as to the other townships where I have determined in this case that a portion of the taxes were unauthorized, I am in serious doubt as to whether the penalty should be added or not.

In an action to enjoin the collection of taxes, the plaintiff is required to pay the amount that he admits to be due, before he is entitled to an injunction.

Section 5851 provides that "if the plaintiff in an action to enjoin the collection of taxes or assessments admit a part thereof to have been legally levied, he must first pay or tender the sum admitted to be due."

In the case of Frazer et al. v. Seibern et al., 16 Ohio St., 615, it was held, that before a plaintiff would be entitled to an injunction to restrain the collection of what he claimed to be an illegal or excessive tax, he must first pay the amount that he admitted was due.

While I am in serious doubt as to the law with reference to requiring the defendant to pay the penalty upon townships where the taxes are excessive, I have decided to follow the rule laid down for equity cases, and require the defendant in this case to pay the

penalty, for the reason that it made no tender of the amount that it admitted to be due.

The plaintiff may, therefore, have judgment for the amount which is found due under the rulings which I have given, with interest thereon up to the first day of this term of the court.

C. D. Wightman, Prosecuting Attorney, for plaintiff; Swayne, Swayne & Hayes, and G. W. Lewis, attorneys for defendant.